NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIE ZHONG DUENAS, | No. 21-15340 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00206-JGZ |
| v. | |
| TOWN OF ORO VALLEY; COOK, Oro Valley Police Detective, in their individual capacities; ANDY LOPEZ, Oro Valley Police Officer Sgt., in their individual capacities, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted December 9, 2021**
San Francisco, California

Before: MURGUIA, Chief Judge, and IKUTA and VANDYKE, Circuit Judges.

Jie Zhong Duenas appeals the district court's order granting summary

judgment in favor of Defendants-Appellees Town of Oro Valley ("Town"), Forrest

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cook ("Detective Cook"), and Andy Lopez ("Sergeant Lopez"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This Court reviews a grant of summary judgment de novo. *L. F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). Where, as here, "the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts," we review de novo the district court's determination of probable cause. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 979 (9th Cir. 2003).

On May 11, 2018, Duenas—the owner of the Trinity Spa in Oro Valley, Arizona—was arrested for prostitution under A.R.S. § 13-3214(A). Approximately one month later, the charge was dropped after she entered into a confidential agreement with the Town. In 2019, Duenas sued Defendants-Appellees for civil rights violations arising from her 2018 arrest—including for false arrest.[1] In relevant part, the district court determined that probable cause existed to arrest Duenas for the crime of keeping or residing in a house of prostitution; that because the officers had probable cause, Duenas could not proceed with her false arrest claims; and the district court granted summary judgment in favor of Defendants-Appellees. *See*

---

[1] Duenas also sued the Town under state law for breach of the confidential agreement that resolved Duenas's criminal charge, but she does not raise the issue on appeal.

*Duenas v. Town of Oro Valley*, No. CV-19-00206-TUC-JGZ, 2021 WL 268805 (D. Ariz. Jan. 27, 2021).

Under Arizona law, a person may not "knowingly operate[] or maintain[] a house of prostitution or prostitution enterprise . . . ." A.R.S. § 13-3208(B). A "house of prostitution" is "any building, structure or place that is used for the purpose of prostitution or lewdness or where acts of prostitution occur." *Id.* § 13-3211(2). To "operate and maintain" means "to organize, design, perpetuate or control . . . includ[ing by] providing financial support by paying utilities, rent, maintenance costs or advertising costs, supervising activities or work schedules, and directing or furthering the aims of the enterprise." *Id*. § 13-3211(3). "Prostitution" involves "engaging in or agreeing or offering to engage in sexual conduct under a fee arrangement with any person for money or other valuable consideration." *Id*. § 13-3211(5). "Sexual conduct" requires "sexual contact, sexual intercourse, oral sexual contact or sadomasochistic abuse." *Id*. § 13-3211(8). "Sexual contact" means "any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast." *Id*. § 13-3211(9).

On appeal, Duenas argues that Detective Cook and Sergeant Lopez lacked probable cause for her arrest and that her false arrest claims should proceed. But probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). It exists where "under the totality of circumstances known to the arresting officers,

3

a prudent person would have concluded that there was a fair probability that [the individual arrested] had committed a crime." *United States v. Smith,* 790 F.2d 789, 792 (9th Cir. 1986).

During an undercover investigation into the Trinity Spa, an officer asked Duenas whether his massage therapist would do anything besides massage while making a masturbatory hand gesture. Duenas responded that she did not know but that he could try. Duenas then took the officer's money and directed him to a private room.

As part of the investigation, Detective Cook conducted internet research. In April 2018, Detective Cook found "[a]dvertisements reposted every couple of days" for the Trinity Spa in the same section of Backpage.com as "a large number of sexually explicit photos and advertisements for other local women." He also found postings on a Tucson thread of USASexguide.info for the Trinity Spa in which users stated that at least some employees of the Spa offered various sexual services. Detective Cook also found a review on spahunters.com which "described an experience . . . at the Trinity Spa on Dec[ember] 28, 2015," where the reviewer's "masseuse 'got the job done,' with reference to inferred sexual activity."

Finally, the investigation into the Trinity Spa also revealed that the Spa's clientele was almost exclusively male and older than average, customers inexplicably parked away from the Spa and entered through the back door, there was

4

semen on a towel in the Spa, and all the employees except for Duenas (the Spa's owner) lacked massage licenses. One customer also indicated that he received a "happy ending" at a past visit to the Trinity Spa and understood his tip to be payment for the sexual contact.

Looking at this evidence all together, a reasonably prudent person would have concluded that there was a fair probability that Duenas was operating or maintaining a house of prostitution out of the Trinity Spa. In other words, there was probable cause for Duenas's arrest, and therefore her false arrest claim cannot proceed. *See D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (noting that probable cause requires only a substantial chance of criminal activity, not a definitive showing).

Duenas also urges this Court to adopt an exception to the general rule that an arrest is supported by probable cause so long as probable cause existed for *any* crime.[2] She argues for an exception to this general rule where: (1) an arrest occurred following a lengthy criminal investigation, (2) a reasonably prudent officer would have been aware of two related criminal statutes, (3) the suspect was arrested under just one of the two statutes, and (4) a reasonable officer would have known that there was no probable cause to arrest under the statute selected. Adopting such an

---

[2] Detective Cook and Sergeant Lopez contend that we should not consider Duenas's exception argument because she did not raise it below. Because Duenas's argument fails regardless, we assume without deciding that her exception argument is properly before the Court.

5

exception would mean that Detective Cook and Sergeant Lopez needed probable cause to arrest Duenas for the crime identified at the time of arrest—here, prostitution as opposed to operating or maintaining a house of prostitution.

The law is clear, however, that "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford,* 543 U.S. 146, 153 (2004). In other words, "because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010) (citing *Devenpeck*, 543 U.S. at 153–55). Because Duenas fails to provide any legal basis for her proposed exception to our clearly identified rule, we decline to depart from our established precedent.

**AFFIRMED.**